IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:19-cv-00352-KDB-DSC

| | |
|---|---|
| GINA ANN INFINGER JONES as Personal Representative for the Estate of John R. White Jr., GINA ANN INFINGER JONES as Natural Guardian of SHYANN AUTUMN WHITE, ASHLYN WHITE, CRYSTAL WHITE STARR and BEULAH PEELS WHITE<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF KINGS MOUNTAIN, KINGS MOUNTAIN POLICE DEPARTMENT, JONATHAN PRICE in his individual capacity and JONATHAN PRICE in his capacity as a Kings Mountain Police Officer;<br><br>Defendants. | **PROTECTIVE ORDER FOR STATE BUREAU OF INVESTIGATION REPORT** |

This matter is before the Court upon the Joint Motion for Release of the North Carolina State Bureau of Investigation (hereinafter "NCSBI") Files. The Motion is allowed and the parties' proposed Protective Order is entered, except as modified where indicated:

The parties herein, as well as the NCSBI stipulate to the entry of this Protective Order, thereby allowing release of the NCSBI Report, File No. 2018-00571, regarding the investigation into the death of John R. White, Jr. Counsel for the parties and counsel for

the NCSBI stipulate and agree to the following statements of facts which authorize the District Court's entry of the Protective Order:

1. The name of the decedent shall be referred to as "John R. White Jr." in all future pleadings.

2. Plaintiffs and Defendants, through counsel, have requested through discovery the release of the NCSBI investigation report in this matter.

3. The NCSBI report may be material and relevant to the subject matter involved in this matter.

4. In addition, this Order governs the handling and disclosure of all materials produced, given, or filed herein by the parties and designated as CONFIDENTIAL.

5. Definitions.

    a. NCSBI Report refers to the materials contained in NCSBI File No. 2018-00571 in conjunction with the investigation into the death of John R. White, Jr.

    b. Document means all writings, drawings, graphs, charts, recordings, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

    c. Material means any document, any answer to any interrogatory or other discovery request in this action, any portion of any deposition (including deposition exhibits) in this action, and any other information produced, given, or filed in this action.

d. Parties mean any Plaintiffs, Defendants, or Third-Party Defendants in this action.

6. Counsel for the NCSBI, after reviewing this file and related documents, has determined that the NCSBI has no objection to producing the NCSBI Report to the Parties in response to Parties' request for the following reasons:

   a. No policy reason exists for denial of the request of the Parties for production of these materials.

   b. There is no prejudice to the NCSBI by releasing this material.

   c. There are no identities of persons contained in the materials which need to be protected; and

   d. Any criminal investigation which might have been the subject of this file has been concluded.

7. Except as may be otherwise provided by further order of the Court, documents contained within the NCSBI Report shall be used for no purpose other than prosecuting or defending this action, including any and all motions such as motions for summary judgment, and shall be disclosed only to the persons identified below.

8. Access to and the use of any documents, or any part thereof, of the NCSBI Report shall be limited to the following qualified persons/entities:

   a. The parties and attorneys of record for the parties, and their legal assistants, all attorneys working on this case under the direction of the attorneys of record for the parties, as well as their legal assistants, other staff members, and law student clerks; insurers, their agents and employees; outside

companies engaged by attorneys for the parties to photocopy such documents; officers, managers, owners or employees of the parties who provide material assistance in the legal representation of the parties;

b. A deponent in the action (during a deposition or in preparation therefore) when the confidential materials are materially related to the questions asked to or testimony of such deponent;

c. Mediators;

d. Consultants and technical experts involved in the preparation of this action;

e. Court reporters, their transcribers, assistants and employees;

f. Any potential or actual deposition or trial witness to the extent that it is necessary to tender such witness as an exhibit a confidential document in order to elicit testimony relevant to the matters at issue in this case; and

g. The jury and trier of fact.

9. In addition, the above individuals and entities that are permitted access to the NCSBI Report materials and information are hereby ordered not to show, convey or reproduce any documents so designated or parts thereof, or copies thereof, or any matter contained therein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the provisions of this Protective Order, except to the qualified persons listed above.

10. Counsel may make copies of material contained within the NCSBI Report for Plaintiffs' or Defendants' experts upon receiving from said experts a written agreement that they will be bound by the terms of this Protective Order. The requirement of obtaining

such an agreement shall be satisfied by having each of Plaintiffs' or Defendants' experts read, acknowledge, and agree in writing to be bound by this Protective Order. A file of all such written acknowledgments shall be maintained by Plaintiffs' and/or Defendants' counsel. By signing the declaration agreeing to be bound by this Protective Order, each of Plaintiffs' or Defendants' experts submits himself or herself to the jurisdiction of the Court for purposes of enforcement of this Protective Order.

11. The production or disclosure of documents and materials in the NCSBI Report, pursuant to the terms of this Order, shall not waive or prejudice the right of any party to object to the production or admissibility of documents or information on grounds other than confidentiality in this action or on grounds in any other action.

12. All information and materials derived from the NCSBI Report shall be used solely in the prosecution or defense of this action and shall not be used or disclosed by any person for any other purpose, except as provided herein.

13. Counsel for the parties are responsible for notifying any person who is provided information or material from the NCSBI Report of the terms of this Protective Order. Counsel shall keep a record of all persons to whom disclosures are made.

14. Any material and documents contained within the NCSBI Report that are deemed to be confidential, pursuant to North Carolina General Statute, Federal Statutes, or case law, may be released to the persons and Court as listed herein, only if the material and information is filed in sealed containers, containing a general description of the contents, and a statement that states the contents hereof are confidential and may be revealed only

by the Court or upon prior written consent of counsel for the party or witness designating the material CONFIDENTIAL INFORMATION.

15. The administrative staff of the Court shall maintain such sealed containers intact and unopened except as otherwise directed by the Court. However, such information shall continue to be available to the Court and to those persons listed in this Protective Order. To the extent any party seeks leave to file information with the Court under seal, such a request shall be made in conformity with the Local Rules of this district, including Local Civil Rule 6.1.

16. After the final disposition of this action, including the conclusion of any and all appeals, all NCSBI Report materials and information that were maintained in sealed files of the Court, shall be returned to the counsel who filed such information with the Court, or returned to counsel for the NCSBI. The final disposition of any materials that have been submitted to the Court and placed under seal shall be determined by the Local Rules of this district and/or Order of the Court.

17. Each person who receives material and information described herein submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be, for the enforcement of this Order.

18. It is specifically agreed that making the materials or documents available for inspection and the production of the materials or documents shall not constitute a waiver by the parties or NCSBI or any claim of confidentiality, and the production of such materials or documents may be admissible into evidence at the trial of this action The

parties reserve all rights to object to the admissibility of such materials and information as provided by the Federal Rules of Evidence and Federal Rules of Civil Procedure.

19. Nothing in this Protective Order shall require disclosure of material or information which the conveying party contends is protected from disclosure by the attorney-client privilege, materials produced in anticipation of litigation, or as constituting attorney work product materials.

20. If some of the information released pursuant to this Protective Order contains confidential insurance company employee or information, such information shall be treated as confidential by the receiving party and be subject to the terms of this Order.

21. All original and copies of the NCSBI Report shall be returned to the NCSBI at the conclusion of this action, with a certification that no other copies exist, and that all copies have been duly returned in compliance with this Order.

22. This Protective Order shall not prevent any party, or the NCSBI, from applying to the Court for relief from this Protective Order or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, with the concurrence of the NCSBI and subject to the approval of the Court.

It is hereby ordered that the undersigned counsel for the North Carolina State Bureau of Investigation provide a copy of SBI File No. 2018-00571 to the attorneys for the parties listed below.

**SO ORDERED.**   Signed: January 31, 2020

_____
David S. Cayer
United States Magistrate Judge 

**Agreed to by:**

**s/Jennifer Joy Strickland**
Jennifer Joy Strickland
Deputy General Counsel

3320 Garner Road
Raleigh, North Carolina 27610
*North Carolina State Bureau of Investigation*

**s/Andrew L. Fitzgerald**
*Attorney for Plaintiff*

**s/Patrick H. Flanagan**
**s/John P. Wright**
*Attorneys for Defendants*